# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECISION TOOL, DIE and | ) | CASE NO. 03-38707 (3) |
| MACHINE CO., INC., | ) | CHAPTER 11 |
|          Debtor | ) | |
| _____ | ) | |

## MEMORANDUM

This case comes before the Court on the Application for Allowance and Payment of AIK Comp's Administrative Expense Claim or, Alternatively, Designation as a Post-Confirmation Obligation filed by AIK Comp. (hereinafter AIK). In the motion, AIK requested allowance of an administrative expense in the amount of $91,441, incurred in connection with workers compensation premiums. Precision Tool, Die and Machine Co., Inc. (hereinafter "Precision"), the reorganized debtor, opposed the motion.

On October 7, 2005, this Court entered an order confirming Precision's plan of reorganization. The Plan provided that any party with an administrative expense that had not been paid by the debtor must, within thirty days from entry of the Confirmation Order, file a motion for payment of the expense, with the added provision that any party failing to do so "shall be forever barred, estopped and enjoined from asserting such Administrative Expense against the Debtor and its estate." Precision served a copy of the order on AIK.

On May 26, 2006, AIK filed the request for administrative expense currently before the Court. Precision opposes the application pointing out this application is filed approximately fifteen months after the alleged claim arose, and more than six months after the passing of the administrative claims bar date of November 7, 2005. AIK explains its tardiness on the basis that the additional assessment was not authorized until December 19, 2005, or after the bar date. The Court

does not accept this excuse. Even if the assessment was not "authorized" prior to the bar date, there is no question that AIK was aware of its claim prior to the bar date. While the exact amount of the claim may have been unknown, it is unquestionable AIK knew of its claim prior to the bar date. AIK, a sophisticated entity with competent representation, failed to avail itself to the numerous options available to protect its claim. First and foremost, AIK could have filed an administrative expense claim for an undetermined or unknown amount and at least preserved the issue. AIK could have requested an extension of time to file its administrative claim, until the amount of the claim had been determined. Finally, AIK could have requested permission to file a late administrative claim after the December 19, 2006, assessment, which would at least been relatively close to the administrative claims bar deadline. AIK failed to exercise any of these options. Instead, AIK sat on its hands and waited for over six months before acting. Moreover, had Precision not moved for a Final Decree, it is not clear AIK would have ever filed this request.

While the law does allow for late claims in Chapter 11 in certain circumstances, in order to prevail on a request for a late claim the party requesting it must show that its failure to act was a result of excusable neglect. Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489 (1993). The inquiry into whether the neglect is excusable "is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission." Id. at 395. The Supreme Court listed several factors to be considered in determining whether a party's conduct constitutes excusable neglect, including (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the late party; and (5) whether the late party acted in good faith. Id.

Reviewing the factors, it is clear that the debtor would be prejudiced should AIK be allowed

to file its late claim.  This case was confirmed in October, the plan has been substantially consummated, and a Final Decree has been entered.  To re-open the proceedings and allow an administrative claim AIK's nature and magnitude this long after the bar date, certainly hinders the debtors ability to go forward and maintain feasability.  The second, third, and fourth factors also weigh against AIK.  AIK does not dispute it received notice of the bar date some seven months before it filed this application. AIK knew of its claim before the bar date and was "authorized" to pursue its claim shortly after the bar date.  Nevertheless, AIK waited over six months to act.  When questioned about the reasons for AIK's procrastination, AIK's counsel could provide no explanation.  Turning to the fifth factor, the good faith of the moving party, the Court has no indication AIK's failure to act was motivated by bad faith.

Taken as a whole and considering the equities of the situation, this Court concludes AIK's actions do not constitute excusable neglect, as defined by the Supreme Court.  As such, the tardy request for administrative expense must be overruled.  Having decided this matter on a procedural basis, the Court will not address Precision's other substantive objections.  The Court shall enter an Order this same date in accordance with this Memorandum.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECISION TOOL, DIE and | ) | CASE NO. 03-38707 (3) |
| MACHINE CO., INC., | ) | CHAPTER 11 |
| Debtor | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the that the Application for Allowance and Payment of AIK Comp's Administrative Expense Claim or, Alternatively, Designation as a Post-Confirmation Obligation filed by AIK Comp. is **OVERRULED**.